UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELE FERREE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO.: |
| | ) |
| INFINITY HEALTH OF FISHERS, | ) |
| | ) |
| Defendant | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.     NATURE OF THE CASE

1. Plaintiff, Michele Ferree ("Ferree" or "Plaintiff"), by counsel, brings the action against Defendant, Infinity Health of Fishers ("Defendant"), alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 et seq. and Indiana Law.

### II.     PARTIES

2. Ferree is a resident of Hancock County in the State of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III.     JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this

litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 29 U.S.C. §216(b).

5. Defendant is an employer as that term is defined by 29 U.S.C. §203(d).

6. Ferree is an employee as that term is defined by 29 U.S.C. §203(e)(1).

7. At all relevant times, Defendant has been engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had an annual gross volume of sales made, or business done of not less than $500,000.

8. Plaintiff exhausted all administrative remedies by submitting a wage claim to the Indiana Department of Labor (Claim Number: 23-25008) and has been given permission to bring this suit.

9. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, the venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Ferree began working for Carmel Wellness Center, Inc. ("Carmel Wellness") in or around August 2016 as a Licensed Massage Therapist.

11. Carmel Wellness was owned by David Coberly ("Coberly") from January 17, 2017, until August 2022 when it was dissolved by Coberly.

2

12. At all relevant times, Ferree was classified and paid wages as an employee of Carmel Wellness.

13. In or around August 2022. Ferree left for a vacation and returned to work to learn that she was "terminated" from Carmel Wellness and hired by Infinity Health of Fishers ("Defendant").

14. Defendant is in the business of chiropractic care by way of providing software therapy, massage therapy, and nutritional assistance.

15. Upon her return from vacation, Coberly informed Ferree that she was no longer classified as an employee but would instead be treated as an independent contractor. As a result, Ferree would not be eligible to participate or receive any benefits available to regular employees of Defendant.

16. However, the terms and conditions of Ferree's employment did not differ from what she performed for Carmel Wellness. Ferree performed the same duties as a Licensed Massage Therapist.

17. Ferree did not have control over her schedule, including her hours of operation, booking service, and subsequent bookings.

18. Ferree's services, including their duration and pricing, were set by Defendant.

19. Ferree was not permitted to work for any other wellness/massage service while employed by Defendant.

20. Ferree's income was generated solely through the bookings scheduled by Defendant.

21. Defendant controlled all of its own advertising and promotion. Ferree did not have any control over advertising and promotion for Defendant.

22. Defendant established the hours of operation and was responsible for hiring, paying, and supervising the staff. Ferree was not involved in staffing, nor was she permitted to hire her own staff or hire or fire any individuals employed by Defendant.

23. At all relevant times, Defendant was exclusively responsible for the maintenance of its facility, inventory, and obtaining all appropriate business insurance and licensing.

24. At all relevant times, Ferree did not operate her own individual business.

25. From August 1, 2022, to her separation on April 19, 2023, Defendant failed to pay Ferree wages owing to her.

26. From August 1, 2022, to December 31, 2022, Ferree earned $9,949.36 in wages but to date has not received payment of any of the wages owed to her.

27. Starting January 2023, Coberly created set new prices for Ferree's services, such as:

    a. For each thirty (30) minute massage, Ferree's rate of pay was $55.00;

    b. For each sixty (60) minute massage, Ferree's rate of pay was $95.00;

    c. For each ninety (90) minute massage, Ferree's rate of pay was $125.00;

    d. For each one hundred and twenty (120) minute massage, Ferree's rate of pay was $180.00; and

    e. If a client added a specialty, an additional $15.00 was added to the rate.

28.  For the month of January 2023, Ferree performed two (2), thirty (30) minute massages; thirty-five (35), sixty (60) minute massages; eight (8), ninety (90) minute massages; and seventeen (17) specialties for a total of $4,540.00.

29.  For the month of February 2023, Ferree performed two (2), thirty (30) minute massages; thirty (30), sixty (60) minute massages; eleven (11), ninety (90) minute massages; and fourteen (14) specialties for a total of $4,545.00.

30.  For the month of March 2023, Ferree performed thirty-two (32), sixty (60) minute massages; seven (7), ninety (90) minute massages; and one (1) specialty for a total of $3,930.00.

31.  For the month of April 2023, Ferree performed fourteen (14), sixty (60) minute massages; two (2), ninety (90) minute massages; and one (1) specialty for a total of $1,595.00.

32.  In addition to her role as a massage therapist, Coberly tasked Ferree with performing administrative tasks for a rate of pay of $15 per hour.

33.  For the month of February 2023, Ferree performed 10.20 hours of administrative work for $153.00.

34.  For the month of March 2023, Ferree performed 4 hours of administrative work for a total of $60.00.

35.  In or around April 2023, Ferree approached Coberly and asked when she could expect payment for the total owing to her and he replied "Sorry", indicating that Coberly had no intention of ever paying Ferree.

36. Unable to continue working for Defendant without receiving the wages owing to her, Ferree resigned on or around April 19, 2023.

37. Defendant did not pay Ferree all wages due and owing to her in a timely manner or as prescribed by Indiana law.

38. Ferree calculates the total owing to her for the time period of August 1, 2022, to April 19, 2023, to be $24,772.23. No portion of this amount has been paid to Ferree to date.

## V.   CAUSES OF ACTION

### COUNT I:   FLSA – FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

39. Ferree incorporates paragraphs one (1) through thirty-eight (38) of her Complaint as if the same were set forth herein.

40. Defendant has violated and continues to violate the provisions of 29 U.S.C. § 203 and 206 by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating Ferree for services rendered. Defendant has acted willfully in failing to pay Ferree in accordance with the law.

41. Defendant's actions were intentional, willful, and in reckless disregard of Ferree's rights as protected by the FLSA.

42. Ferree suffered damages as a result of Defendant's unlawful actions.

### COUNT II: FLSA – MISCLASSIFICATION

43. Ferree incorporates paragraphs one (1) through forty-two (42) of her Complaint as if the same were set forth herein.

44. Defendant improperly classified Ferree as an independent contractor in violation of the Fair Labor Standards Act 29 U.S.C. § 201 et. seq.

45. Defendant's actions were intentional, willful, and in reckless disregard of Ferree's rights as protected by the FLSA.

46. Ferree suffered damages as a result of Defendant's unlawful actions.

### COUNT III: FAILURE TO PAY WAGES

47. Ferree hereby incorporates paragraphs one (1) through forty-six (46) of her Complaint as if the same were set forth at length herein.

48. In violation of Ind. Code § 22-2-4-4; Ind. Code § 22-2-5-1; and Ind. Code § 22-2-9-2, Defendant failed to pay wages or compensation due to Ferree on the next usual and regular day for payment of wages or the regular payday for the pay period during her employment.

49. Defendant has filed for a least ten (10) days after the demand of payment was made to pay Ferree for her labor.

50. Ferree has suffered damage as a result of Defendant's failure to pay.

### COUNT IV: UNJUST ENRICHMENT

51. Ferree incorporates paragraphs one (1) through fifty (50) of her Complaint as if the same were set forth herein.

52. Defendant has failed and/or refused to pay wages owing to Ferree for her labor and services rendered during her employment.

53. Defendant has been unjustly enriched by keeping funds, which are the property of Ferree.

54. Ferree has suffered damages as a result of Defendant's unlawful actions.

### COUNT V: BREACH OF CONTRACT

55. Ferree hereby incorporates paragraphs one (1) through fifty-four (54) of her Complaint as if the same were set forth at length herein.

56. Ferree entered into an agreement with Defendant indicating that Ferree would work and be paid a variable rate, depending on the service performed.

57. Ferree performed services from August 1, 2022, to April 19, 2023, totaling $24,772.23.

58. Defendant breached the agreement with Ferree by failing to pay all wages owed to Ferree under the contract's terms.

59. Ferree has suffered damage as a result of Defendant's breach of the agreement.

### VI.   REQUESTED RELIEF

WHEREFORE, Plaintiff, Michelle Ferree, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Payment for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Payment of liquidated damages for Defendant's violations of the FLSA and Indiana law;

6. Payment of all costs and attorneys' fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court seeks fit to grant.

Respectfully Submitted,

By:*/s/ Andrew Dutkanych*_____
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991.4765
Facsimile:   (812) 424.1005
Email:       ad@bdlegal.com
*Counsel for Plaintiff, Michele Ferree*

## DEMAND FOR JURY TRIAL

Plaintiff, Michele Ferree, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

By: */s/ Andrew Dutkanych*_____
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991.4765
Facsimile:   (812) 424.1005
Email:       ad@bdlegal.com
*Counsel for Plaintiff, Michele Ferree*